UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
STACEY MERCER, *on behalf of herself, and all similarly situated individuals*,

      Plaintiff,                    CASE NO.:

v.

ROYAL YORK EQUITIES CORP.,

      Defendant.
---------------------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, STACEY MERCER (hereinafter "Plaintiff"), sues Defendant, ROYAL YORK EQUITIES CORP., for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), for injunctive relief and damages, pursuant to the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYSHRL"), and for class-wide relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, and alleges:

### INTRODUCTION

1. Defendant owns and/or operates JFK INN, located in Jamaica, Queens, New York.[1] (the "Hotel"). The Hotel maintains a website located at www.jfkinn.com (the "Website"). Through the

---

[1] On information and belief, Defendant shares a common owner/operator with Econo Lodge (302 W. 47th St.); Tryp by Windham (345 W. 35th St.); and Paul NYC (32 W 29th St, New York, NY 10001). Plaintiff intends to amend to add all of those locations (all of which suffer from the same

1

Website, the Hotel describes various features and amenities available to Hotel guests. The Hotel also uses third party websites to advertise its features and amenities, and to accept reservations. These include Hotels.com, Travelocity.com, Orbitz.com, and others (the "Third Party Sites").

2. As of March 15, 2012, Defendant was required, *inter alia*, to ensure that the Website, and all Third Party Sites having online reservation capabilities, (a) identify and describe accessible features of the Hotel in detail; (b) identify and describe accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether or not the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allows reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[2]

3. Plaintiff is a disabled individual. Before filing this lawsuit, Plaintiff visited the Website to learn about accessible features of Hotel common areas, learn about accessible features of Hotel guestrooms, and determine whether it is possible to reserve a guestroom that accommodates Plaintiff's disability needs. Plaintiff encountered a failure to adhere to some or all the requirements set forth above, as detailed more fully below. Plaintiff brings this action for her own benefit, and for the benefit of all similarly situated disabled individuals who have been unable to independently assess accessible and inaccessible features of the Hotel, independently assess accessible and inaccessible features of relevant guestrooms, and/or reserve accessible guestrooms online, because of Defendant's refusal to conform to federal legal requirements.

## JURISDICTION AND VENUE

---

infirmities as those set forth herein) to this class action lawsuit once discovery regarding the corporate entity that links them is discovered.

[2] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l).

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

5. This Court has personal jurisdiction over Defendant in this action. Plaintiff's injury occurred in this District, and Defendant transacts business, through its Website and otherwise, with businesses and individuals in this District.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; specifically, Plaintiff encountered Defendant's ADA violations from within this District, and thus the injury at issue occurred in this District.

7. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York State law. 28 U.S.C.S. §1367(a).

## PARTIES

8. At all times material hereto, Plaintiff, STACEY MERCER, was and is over the age of 18 years, *sui juris*, and a resident of Manhattan, New York, which is located within this District.

9. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Because of a criminal act perpetrated on her, Plaintiff suffers from paraplegia, and also has limited use of her left arm.

10. Defendant is a NEW YORK CORPORATION authorized to conduct and conducting business in the State of New York, and is the owner and/or operator of the Hotel.

## CLASS ALLEGATIONS

11. Plaintiff brings this class action on her own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All disabled individuals who, because of their disability, have been unable to obtain required accessibility information online, or secure an online reservation, by virtue of Defendant's failure to comply with the ADA and ADAAG.

12. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporation.

13. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the Class will be determined through discovery.

14. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil right violations as a result of Defendant's continuing failure to comply with the ADA and ADAAG within its online reservation platforms.

15. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interests of the Class members in this case.

16. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the Courts of this District.

17. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicable solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA, ADAAG, NYCHRL, and NYSHRL, such that all

physically disabled persons are afforded fair and equal access to the Hotel and its online reservation systems.

18. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

19. The names and addresses of disabled individuals who have encountered Defendant's non-compliant Website and Third Party Sites, and who have thus been excluded from full and equal access to required accessibility information regarding the Hotel, is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

20. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

21. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of

the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging (such as the Hotel), were required to conform to these regulations <u>on or before March 15, 2012</u>.

22. On March 15, 2012, the new regulations implementing Title III of the ADA took effect, imposing significant obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

23. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

24. Hotels (and motels) are required to identify and describe the accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, **"a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards."** *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" or "handicap" does not comply with the ADA.

25. In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A.* Accordingly, Defendant is required to set forth specific access features and not merely recite that a guestroom is "accessible" or "ADA" or provide different accessibility features that may (or may not) be offered within an accessible room.

26. For hotels built after the effect date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible room, to specify the room type, the

7

type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

27. However, for hotel buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

28. Upon information and belief, the Hotel was constructed prior to the 1991 Standards.

29. The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.

30. The Website and the Third Party Sites contain information about the Hotel, and allow reservations at the Hotel to be taken online. The Defendant has control over information provided to the general public about the Hotel through the Website and Third Party Sites.

31. Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to her, and whether she could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms. Upon her visit, Plaintiff discovered the Website does not comply with the ADA and ADAAG.

32. The Website has a page entitled "rooms." On that page, two room types are offered: (a) Standard Room with One Queen Bed; and (b) Superior Room with Two Queen Beds. Neither is

8

designated as accessible. When either room is selected (for more information), none of the additional information related to accessibility. Accordingly, no accessible rooms are offered.

33. Likewise, no accessible rooms are offered through any of the Third Party Sites, including orbitz.com, travelocity.com, or others.

34. In addition, the Hotel was built prior to the 1991 Standards, but the Website and Third Party Sites do not state:

    a. Whether the public entrance to the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    b. Whether the registration desk at the Hotel complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    c. Whether restaurant or other food service areas at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

    d. Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

    e. Whether the swimming pool (if any) complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

f.  Whether the business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

g.  Whether the meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

h.  Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

i.  Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

j.  Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

k.  Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

l.  Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

m. Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

n. Whether the route from the public entrance to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

o. Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

p. Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

q. Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

r. Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

s. Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it

does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

35. This is not intended to be an exclusive list, and Plaintiff, on behalf of herself and the class as described below, brings this action to remediate all violations of the ADAAG found to exist upon the Website and Third-Party Websites (relative to the Hotel).

36. In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

37. Plaintiff will visit the Website and the Third-Party Sites again, upon the Hotel's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features of the Hotel, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the Hotel meets her accessibility needs, and determine whether she can reserve an accessible guestroom.

38. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, including the Class, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites and at the Hotel due to the continuing ADA and ADAAG violations as set forth above. Defendant has now had

eight (8) years to bring its Website and the Third-Party Sites into compliance with the ADAAG revisions, but has failed or refused to do so.

39. Modifying the Website, and the Third Party Sites, to comply with the ADA and ADAAG is accomplishable without undue burden or expense, and is readily achievable. But in any event, upon information and belief, the Website and Third Party Sites content have been altered, updated, and edited, subsequent to March 15, 2012, but not to comply with 2010 ADAAG Standards.

40. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website and its information on Third Party Sites, unless and until Defendant modifies the Website and the Third Party Sites to set forth all required information, as set forth above.

41. Plaintiff and the Class are without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that she and the Class will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites and Third Party Sites, and maintain the Websites and Third Party Sites, inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

42. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, and the Class, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website and the Third Party Sites, and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**COUNT II**
**VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

43. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

44. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [3]

45. The Website and Third Party Sites are gateways to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

46. Plaintiff and the Class have visited the Website and Third Party Sites, and encountered barriers made illegal by the ADA and ADAAG, and thus by the New York State Human Rights Law.

47. By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff and the Class, because of disability, accommodations, advantages, facilities or privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

48. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to §297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

49. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

---

[3] NYS Exec. Law § 296 (2)(a).

50. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[4]

51. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff and the Class full access to all the accommodations, benefits, and services, available appurtenant to the Hotel, as described above.

52. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law, and all relief provided for thereunder.

WHEREFORE, Plaintiff, STACEY MERCER, respectfully requests that this Court enter judgment in her favor, and against Defendant, as follows:

   a. Certify a Class, as that term is defined hereinabove;

   b. A declaration that the Website is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, NYSHRL, and/or NYCHRL;

   c. Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards;

---

[4] NYC Admin Code § 8-107(4)(a)

d. Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website through which it is offering online reservations, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

e. Entering an award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff and the Class;

f. Awarding a judgment, and compensatory damages deemed just and appropriate pursuant to NYSHRL and NYCHRL, to Plaintiff and the Class; and

g. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this 6th day of August, 2018.

        Respectfully Submitted,

        LAW OFFICES OF NOLAN KLEIN
        *Attorneys for Plaintiff*
        39 Broadway, Ste. 2250
        New York, NY 10006
        PH:   (646) 560-3230
        FAX:  (877) 253-1691

        By:  */s/ Nolan Klein*
        NOLAN KLEIN, ESQUIRE
        (NK4223)
        klein@nklegal.com
        amy@nklegal.com